# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 3, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \*
LORI HUGHES,                             \*        UNPUBLISHED
                                          \*
            Petitioner,                   \*        No. 18-1554V
                                          \*
v.                                        \*        Special Master Gowen
                                          \*
SECRETARY OF HEALTH                       \*        Motion for Dismissal Decision;
AND HUMAN SERVICES,                       \*        Influenza ("Flu"); Guillain-Barré
                                          \*        Syndrome ("GBS").
            Respondent.                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

Peter M. Young, Habush, Habush & Rottier, S.C., Wausau, WI, for petitioner.
Jay M. All, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 9, 2018, Lori Hughes ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine received on October 21, 2015. *Id.* at Preamble. The information in the record, however, does not show entitlement to an award in the Program.

On July 2, 2019, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion (ECF No. 20). The motion provides that an investigation of the facts and science has demonstrated to the petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. In these circumstances, to proceed any further

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and that such a judgment will end all of his rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner may apply for fees and costs once her case is dismissed and judgment is entered against her. As detailed further therein, petitioner understands that respondent expressly reserves the right to raise several objections, if appropriate, to petitioner's application for fees and costs. *Id.* at ¶ 4. Petitioner does intend to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to protect any rights to elect to file a civil action in the future. *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that he suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that he suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not support a finding that petitioner suffered a "Table injury." Further the record does not contain persuasive evidence that petitioner suffered an injury that was caused-in-fact by the flu vaccination she received on October 21, 2015.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support the claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records do not establish causation for either a "Table Injury" *or* an "off-Table" injury which was caused-in-fact by the vaccine. Neither has petitioner submitted an expert report to support causation-in-fact. Therefore, I agree that petitioner has not met her burden of proof. Therefore, her claim cannot succeed and it must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).